# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| LEIF CHRISTOPHER HASLAG, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Case No. 23-04014-CV-C-SRB-P |
| vs. | ) | Crim. No. 19-04077-01-CR-C-SRB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Movant, who is incarcerated at the FCI Forest City in Forest City, Arkansas, pursuant to a conviction and sentence entered in the above-cited criminal case, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Doc. 1. Respondent has filed suggestions in opposition to Movant's motion (Doc. 6), and Movant has replied thereto (Doc. 17). Because the Court finds that the motion, files, and record conclusively show that Movant is not entitled to relief,[1] Movant's motion is **DENIED**; a certificate of appealability is **DENIED**; and this case is **DISMISSED**.

**I.    Background**.

On October 10, 2019, an indictment was returned in the Western District of Missouri, charging Movant with: (1) possession with intent to distribute methamphetamine (Count One); (2) possession of a firearm in furtherance of a drug trafficking offense (Count Two); and (3) possession of a firearm after prior felony convictions (Count Three). Crim. Doc. 12.[2] At the time of Movant's indictment, attorney Danieal Miller represented Movant. Crim. Doc. 18.

Shortly thereafter, the Government filed an information under 21 U.S.C. § 851, in which the Government asserted, because Movant was previously convicted of a prior felony, Count One of the indictment was punishable by not less than ten years' imprisonment. Crim. Doc. 20. Count

---

[1] "A Section 2255 movant is entitled to an evidentiary hearing . . . unless the motion, files, and record conclusively show he is not entitled to relief." *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) (citation and internal quotation omitted).

[2] "Crim. Doc." refers to the docket number entries in Movant's criminal case, Case No. 19-04077-01-CR-C-SRB. "Doc." refers to the docket number entries in Movant's associated civil case, Case No. 23-04014-CV-C-SRB-P. Page number citations refer to the page numbers assigned by the CM/ECF electronic docketing system.

Two of the indictment carried a mandatory five-year term of imprisonment, consecutive to any other term (Crim. Doc. 12 at 1), and, due to Movant's status as an armed career criminal, Count Three carried a penalty of not less than fifteen years' imprisonment. Crim. Doc. 74 at 3.

On February 27, 2020, attorney Benjamin Faber entered his appearance as counsel of record for Movant. Crim. Doc. 34. Less than two months later, attorney Faber filed a motion for leave to withdraw as Movant's counsel, but that motion was denied. *See* Crim. Doc. 37, 40.

In May 2020, attorney Clark Jones entered his appearance on behalf of Movant (Crim. Doc. 41), and attorney Faber was granted leave to withdraw. Crim. Docs. 42, 43.

Approximately one month later, attorney Gregory Smith entered his appearance on behalf of Movant (Crim. Doc. 44), and attorney Jones was granted leave to withdraw. Crim. Docs 45, 46.

Attorney Smith represented Movant from June 2020 to March 10, 2021. Crim. Docs. 44, 67. During his representation, attorney Smith filed several motions on Movant's behalf, including motions to continue Movant's trial. *See* Crim. Docs. 48, 50, 58, 60, 62.

In March 2021, attorney Talmage Newton entered his appearance on behalf of Movant (Crim. Doc. 65), and attorney Smith was granted leave to withdraw. Crim. Docs. 66, 67.

On July 1, 2021, pursuant to a plea agreement with the Government, Movant pleaded guilty to Counts One and Three of the indictment. Crim. Doc. 72, 74.

In the plea agreement, Movant stipulated to a factual basis supporting his guilty plea and to the sentencing procedures to be utilized by this Court, including the stipulated Sentencing Guidelines provisions and this Court's discretion to impose any sentence within the statutory range of punishment. Crim. Doc. 74 at 2-8. The plea agreement also included a waiver of Movant's right to appeal and collaterally attack his conviction and sentence except for claims of an illegal sentence, prosecutorial misconduct, or ineffective assistance of counsel. *Id*. at 8-9.

During Movant's change-of-plea hearing, the Court (a) read to Movant the charges and range of punishment; (b) questioned Movant regarding his age, education, physical and mental condition; (c) questioned Movant regarding the plea agreement; (d) advised Movant of rights waived by pleading guilty; and (e) found Movant's plea to be free and voluntary. Crim. Doc. 72. Magistrate Judge Epps entered a report and recommendation that this Court accept Movant's plea (Crim. Doc. 73), which this Court did on July 16, 2021. Crim. Doc. 75.[3]

---

[3] No objections were filed to the report and recommendation.

A Presentence Investigation Report ("PSR") was issued thereafter, which contained a recitation of the offense conduct. Crim. Doc. 78 at 5-6. The PSR calculated a total offense level of 33 after applying: a base offense level of 34; a two-level enhancement because a dangerous weapon was possessed; and a three-level reduction for acceptance of responsibility. *Id*. at 7-8. The PSR calculated a criminal history score of 10. *Id*. at 17. Because Movant is an armed career criminal and because he possessed a firearm in connection with a controlled substance, the PSR calculated a criminal history category of VI (*id*.), yielding an advisory Sentencing Guidelines range of 235-293 months' imprisonment. *Id*. at 17-23. Beyond typographical errors, neither Movant nor the Government objected to the PSR. *Id*. at 26.

In their respective sentencing memoranda, the Government and Movant's counsel recommended to the Court, a sentence of 180 months' imprisonment followed by eight years' supervised release. Crim. Docs. 83, 86.

Movant appeared before this Court for sentencing on January 13, 2022. Crim. Doc. 89. The Court found Movant's criminal history category to be VI and total offense level to be 33, yielding a range of 253-293 months' imprisonment. Crim. Doc. 89. Ultimately, this Court sentenced Movant to 180 months' imprisonment on Counts One and Three, to be served concurrently, followed by eight years of supervised release. *Id*.

Movant did not appeal. Movant now seeks relief under 28 U.S.C. § 2255. Doc. 1. Additional relevant facts in the record are set forth below in the Court's discussion of Movant's grounds for relief.

## II. Standard

Title 28 U.S.C. § 2255 provides that an individual in federal custody may file a motion to vacate, set aside, or correct his or her sentence. A motion under this statute "is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors." *Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted). Instead, § 2255 provides a statutory avenue through which to address constitutional or jurisdictional errors and errors of law that "constitute[ ] a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States,* 644 F.3d 700, 704 (8th Cir. 2011) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III. Discussion

In his sole ground for relief, Movant alleges attorney Greg Smith, who represented Movant

3

between June 2020 and March 2021, was ineffective for various reasons. Doc. 1 at 4, 12-15. Movant specifically alleges attorney Smith's

> performance fell below an objective standard of reasonableness by his complete defiance of [Movant's] direction and blatant disregard of attorney-client privilege, documented facts, testimony of Experts, other legal professionals, [Movant], and those close to [Movant] NOT to communicate with [Movant's] parents, by not only establishing communication with [Movant's] parents, but establishing a relationship with them throughout representation of the [Movant] and divulging any information they requested regarding the [Movant], the [Movant's] case, and the attorney[']s communications with the [Movant's] Power Of Attorney. Attorney Smith's relationship with [Movant's] parents became such that he 'started taking direction from them instead of Bonni ([Movant's] fiancé and Power of Attorney) and Leif ([Movant])', receiving funds from [Movant's] parents to do such.

*Id*. at 13. At the crux of his motion, Movant alleges attorney Smith was constitutionally ineffective in failing to communicate, take direction, and pursue cooperation prior to Movant pleading guilty. *See generally*, *id*. Respondent argues that each of Movant's grounds for relief are without merit. Doc. 6. In his reply, Movant argues that Respondent has failed to address Movant's arguments and is entitled to relief.

As set forth below, the Court finds Movant's Ground for relief to be without merit.

"A guilty plea waives all defects except those that are jurisdictional." *United States v. Todd*, 521 F.3d 891, 895 (8th Cir. 2008) (internal quotation omitted); *see also Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on a conviction unless on the face of the record the court had no power to enter the conviction or impose the sentence.") (internal quotation omitted). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Instead, such a Movant "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [*McMann v. Richardson*, 397 U.S. 759 (1970)]." *Id*. Statements made by a defendant in court under oath should not be lightly set aside and "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S.63, 74 (1977); *see also Ingrassia v. Armontrout*, 902 F.2d 1368, 1370 (8th Cir. 1990) (representations made during the plea hearing "carry a strong degree of verity and pose a

4

formidable barrier in any subsequent collateral proceedings").

"A guilty plea is invalid only if it does not represent a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Easter v. Norris*, 100 F.3d 523, 525 (8th Cir. 1996). Accordingly, "a defendant must have knowledge of the law in relation to the facts." *Id*. (citation omitted). However, "'[t]he rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision.'" *U.S. v. Gomez*, 326 F.3d 971, 975 (8th Cir. 2003) (quoting *Brady v. United States,* 397 U.S. 742, 757 (1970)).

To establish that counsel was ineffective, Movant must "show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (quoting *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, Movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Both prongs of this test must be established to be entitled to § 2255 relief; failure to establish either one of the prongs is fatal to a claim of ineffective assistance of counsel. *Id.* at 697.

Movant fails to establish that attorney Smith was ineffective under the foregoing standard for any of the reasons alleged.

As noted by Respondent, while Movant asserts numerous complaints against attorney Smith, he fails to identify how any of the alleged deficiencies impacted his case. Such "[v]ague and conclusory allegations are insufficient to support a claim under 28 U.S.C. § 2255." *Goldsberry v. United States*, No. 4:19-CV-00950-AGF, 2020 WL 2085647, at *15 (E.D. Mo. Apr. 30, 2020) (quoting *United States v. Lewis-Zubkin*, No. 316-cr-30011-PKH-MEF-1, 2019 WL 1550799, at *3 (W.D. Ark. Mar. 20, 2019) (citing *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986)); *see also Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir. 1985) (stating "a petition which consists only of conclusory allegations unsupported by specifics ... is insufficient to overcome the barrier to an evidentiary hearing on a section 2255 motion." (internal citation and quotations omitted)).

Insofar as Movant alleges attorney Smith acted against his wishes when he cooperated with his parents, failed to work with Movant's preferred investigator, or filed motions to continue trial,

5

Movant fails to show that any of these decisions were not strategic, made without thorough investigation, or were otherwise unreasonable. *See United States v. McDonald*, No. C 03-3072-MWB, 2009 WL 1636137, at *10 (N.D. Iowa June 11, 2009) (citing *Bowman v. Gammon,* 85 F.3d 1339, 1345 (8th Cir.1996) ("Because trial counsel's trial strategy decisions were objectively reasonable, [Movant's] ineffective assistance claim is without merit."). Movant further fails to identify how any of these complaints impacted his case or sentence or how otherwise he suffered any prejudice.

Similarly, to the extent Movant alleges counsel failed to communicate with him for four months, again, even if true, Movant fails to identify how this lapse in communication impacted his case or sentence.

Last, Movant alleges, because attorney Smith failed to pursue potential avenues of cooperation, Movant's testimony became stale. Doc. 1 at 15. Specifically, Movant asserts:

> By not offering information [Movant] had to Prosecutors sooner or following up with those interested in [Movant's] testimony in a timely manner, prolonging the Proffer meeting,…against [Movant's] directive, Attorney Smith's unprofessional errors caused testimony the [Movant] could have given for Proffer points towards Downward Departure to become 'stale' and unusable. . . .

*Id*. Movant generally alleges, but for attorney Smith's "unprofessional conduct,"…the result of the sentencing proceeding would have been different." *Id*.

Counsel has a duty to assist defendants during their respective prosecution. *See Strickland*, 466 U.S. at 688. Such assistance includes the duty to advocate defendant's cause, to consult with the accused on all matters of importance and to appraise the defendant of important developments. *Id*. While defendants undeniably have the right for counsel to assist in cooperation, Movant fails to show how any alleged delay by attorney Smith prejudiced him. Rather, as noted by Respondent, Movant merely alleges, while some prosecutors were interested in his testimony, his testimony became stale due to attorney Smith's delays. Doc. 1 at 13, 15.

Attorney Smith was the fourth of five attorneys appointed to represent Movant in his criminal case. Smith's appointment began nine months after Movant was charged and lasted approximately nine months more. Movant fails to show or even allege that the nine month period he was represented by attorney Smith was the critical or necessary time to cooperate. Movant further fails to allege what information he could have said at the proffer meeting for the Government to file a motion for downward departure or that any delay in proffering said

6

information was due to attorney Smith.  Movant's conclusory allegations will not sustain a claim of ineffective assistance of counsel.  *Hollis,* 796 F.2d at 1046 ("[C]onclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255.").  Accordingly, Movant's Ground One is denied.

Ultimately, none of Movant's arguments or claims establish that his plea or sentence are invalid or were otherwise the result of ineffective assistance of counsel.  Rather, the record before this Court indicates that Movant entered a knowing and voluntary plea and received an appropriate sentence within the statutory range of punishment.  Indeed, Movant was sentenced to the statutory minimum.  For these reasons and in light of the record before this Court, Movant's § 2255 motion is denied.

## IV.     Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to Movant.  A certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because Movant has made no such showing, the Court declines to issue a certificate of appealability.

## V.      Conclusion

For the foregoing reasons, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**; a certificate of appealability is **DENIED**; and this case is **DISMISSED**.

It is so **ORDERED**.

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Dated: June 9, 2023